UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT A. BOWMAN,<br><br>Plaintiff,<br><br>v.<br><br>LEAH MICHELLE BOUCEK,<br><br>Defendant. | Case No. 25-cv-3194-BAS-SBC<br><br>**ORDER GRANTING MOTION TO DISMISS COMPLAINT WITH PREJUDICE (ECF No. 4)** |

Plaintiff Robert A. Bowman, pro se, filed this action against Defendant Commissioner Leah Michelle Boucek. (ECF No. 1.) Defendant is a San Diego Superior Court Commissioner presiding over Plaintiff's family state court matter.

Presently before the Court is Defendant's motion to dismiss the action with prejudice. (ECF No. 4.) The motion is fully briefed. (ECF Nos. 5, 10.) The Court finds the matter suitable for determination on the papers submitted. *See* Civ. L.R. 7.1(d)(1). For the following reasons, the Court **GRANTS with prejudice** Defendant's motion to dismiss.

- 1 -

25cv3194

## I.   BACKGROUND

Plaintiff is the petitioner in a family court marital dissolution matter pending in the San Diego Superior Court—*In re Marriage of Bowman*, Case No. 23FL014013C. (Compl. ¶ 21, ECF No. 1.)[1]

In brief, Plaintiff alleges Defendant adjudicated the matter as a Commissioner without Plaintiff's express stipulation. (Compl. ¶ 1.) Plaintiff thus argues Defendant lacked jurisdiction in violation of California Constitution Article VI, § 21 and California Code of Civil Procedure § 259(d). (Compl. ¶ 2.) Plaintiff frames this argument as a "structural error." (Compl. ¶ 4.)

Alleging that Defendant lacked jurisdiction, Plaintiff seeks to void several of Defendant's orders, specifically those: (1) removing Plaintiff's custody of his children; (2) imposing a multi-year restraining order prohibiting contact with his children; (3) denying Plaintiff financial means to retain counsel; and (4) blocking Plaintiff's ability to seek relief as a domestic violence victim. (Compl. ¶ 3.)

Plaintiff sought appellate review, but both the California appellate court and the Supreme Court of California declined to reach the merits. (Compl. ¶ 6; Opp'n, Ex. A, ECF No. 5-2; Opp'n, Ex. B, ECF No. 5-3; Opp'n, Ex. C, ECF No. 5-4; Opp'n, Ex. C. cont., ECF No. 5-5.)[2]

---

[1] Before the marital dissolution proceeding, Plaintiff filed a domestic-violence-related action, *Bowman v. Bowman*, Case No. 23FDV05815C. There, Plaintiff sought a domestic violence restraining order ("DVRO") from his former partner Ms. Bowman. (Compl. ¶¶ 18–19.) Defendant presided over the matter *Bowman v. Bowman*. (Compl. ¶¶ 14, 19, 24–28.) Subsequently, Ms. Bowman filed for a DVRO against Plaintiff and for dissolution of the marriage through the action *In re Marriage of Bowman*, Case No. 23FL014013C. (Compl. ¶¶ 20–21.) The two cases were consolidated into one before Defendant. (Compl. ¶ 29.) Plaintiff argues that a valid stipulation neither existed in *Bowman v. Bowman* nor in the consolidated action *In re Marriage of Bowman*. (Compl. ¶¶ 24, 29, 31, 52.)

[2] The Court grants Plaintiff and Defendant's request for judicial notice of the state family court actions under Federal Rule of Evidence 201.  (Mot. 1:22–4:27, ECF No. 4); *see, e.g.*, *Taylor v. Kelety*, No. 20-CV-1987-DMS-AGS, 2021 WL 1733386, at *3 n.4 (S.D. Cal. May 3, 2021) ("Court records, as public records, are generally subject to judicial notice, although a court cannot judicially notice disputed facts contained within such records.").

- 2 -

Plaintiff asserts both state and federal claims against Defendant, specifically: (1) civil rights violations under 42 U.S.C. § 1983; (2) violations of the Violence Against Women Act ("VAWA"), 34 U.S.C. § 12291; (3) conspiracy to deprive constitutional rights under 42 U.S.C. § 1985(2); (4) defamation; and (5) related state law claims. (Compl. ¶ 1.)

Plaintiff requests this Court grant the following relief: (1) declaratory relief; (2) a judicial-immunity exception; (3) injunctive relief; (4) compensatory damages; (5) punitive damages; (6) statutory damages; (7) attorney's fees and costs; (8) a jury trial; (9) and other appropriate relief. (Compl., Prayer for Relief ¶¶ 1–9.)

In response, Defendant filed a motion to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Motion, ECF No. 4.) Defendant moves to dismiss on several grounds, namely: (1) the *Rooker-Feldman* doctrine; (2) *Younger* abstention; (3) Absolute Immunity; (4) the Anti-Injunction Act; (5) failure to allege a cause of action under VAWA; (6) the Litigation Privilege; (7) failure to allege a cause of action under the Tom Bane Civil Rights Act; and (8) the unavailability of declaratory relief. (*Id*.)

Plaintiff filed an opposition that improperly added a motion to disqualify counsel and a motion to strike, which the Court will not consider. (Opp'n, ECF No. 5.) Plaintiff also filed several supplemental documents. (Supp. Doc., ECF Nos. 6–9.) Defendant replied. (Reply, ECF No. 10.)

## II.   LEGAL STANDARDS

## A.   Federal Rule of Civil Procedure 12(b)(1)

Under Rule 12(b)(1), a party may move to dismiss a claim for lack of subject matter jurisdiction. Fed. R. Civ. P. 12 "Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, "[a] federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). "[T]he burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377.

25cv3194

**B.      Federal Rule of Civil Procedure 12(b)(6)**

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12; *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). To survive a Rule 12(b)(6) motion, a complaint must plead sufficient factual allegations "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**III.   ANALYSIS**

The Court finds that *Younger* abstention precludes the exercise of jurisdiction over this case.

**A.      *Younger* Abstention**

"Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts." *Younger v. Harris*, 401 U.S. 37, 43 (1971). In *Younger*, the Supreme Court articulated a federal policy against interference with pending state judicial proceedings. *Id*. at 45; *see also H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000).

Although *Younger* dealt with a state court criminal prosecution, the doctrine is applicable to state court civil proceedings. *See Moore v. Sims*, 442 U.S. 415, 423 (1979) ("Th[e] policy was first articulated with reference to state criminal proceedings, but as we recognized in *Huffman v. Pursue, Ltd*., 420 U.S. 592 (1975), the basic concern—that threat to our federal system posed by displacement of state courts by those of the National Government—is also fully applicable to civil proceedings in which important state interests are involved.").

Absent extraordinary circumstances, *Younger* abstention is required where state proceedings are: (1) ongoing, (2) implicate important state interests, and (3) afford the plaintiff an adequate opportunity to litigate federal claims. *See Hirsh v. Justices of Supreme*

- 4 -

*Court of California*, 67 F.3d 708, 712 (9th Cir. 1995) (citing *Middlesex County Ethics Commission v. Garden State Bar Association*, 457 U.S. 423, 432, 437 (1982)).

All three conditions are satisfied here. First, the relief Plaintiff seeks would interfere with matters pending before the state court. (Opp'n ¶ 14:21–23) ("Plaintiff is not seeking to overturn any final state-court judgment. The consolidated dissolution proceeding remains pending, and no final custody order or judgment has been entered."). Second, those proceedings implicate important state interests in family relations. *See Elwood v. Drescher*, 90 F. App'x 501, 503 (9th Cir. 2004) (finding *Younger* abstention applicable to an family relations action against a state commissioner).

The Ninth Circuit has explicitly recognized that domestic relations are a traditional area of state concern:

> Family relations are a traditional area of state concern. In addition, a state has a vital interest in protecting the authority of the judicial system, so that its orders and judgments are not rendered nugatory. This is a particularly appropriate admonition in the field of domestic relations, over which federal courts have no general jurisdiction, and in which the state courts have a special expertise and experience.

*Koppel*, 203 F.3d at 610 (citations and quotation marks omitted).

Third, Plaintiff has an adequate state forum in which to raise his federal claims. In fact, Plaintiff has already presented due process concerns to the California appellate courts and may continue to pursue relief through the California courts following final judgment. (Opp'n, Ex. A, Ex. B, Ex. C, Ex. C. cont.); *see Young v. Schwarzenegger*, No. C-10-03594-DMR, 2011 WL 175906, at *4 (N.D. Cal. Jan. 18, 2011) ("Even the fact that the state supreme court has previously rejected an identical constitutional challenge on its merits does not mean the state courts have deprived a plaintiff of the opportunity to make the constitutional argument.").

25cv3194

Plaintiff argues that abstention is inappropriate because the state courts have proved inadequate to protect his constitutional rights. (Compl. ¶ 12.) This argument fails. The inability to obtain favorable relief through state appellate review does not establish the inadequacy of the state forum or warrant federal intervention. *See Middlesex County Ethics Committee*, 457 U.S. at 432 ("Where vital state interests are involved, a federal court should abstain 'unless state law clearly bars the interposition of the constitutional claims.'") (quoting *Moore*, 442 U.S. at 426 (1979))).

Because all three *Younger* conditions are satisfied, this Court abstains from entertaining Plaintiff's claims in a federal forum. *See Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 619 (9th Cir. 2003) (stating that *Younger* abstention applies "even if the constitutionality of the pending proceedings is at the heart of [the plaintiff's] claim").

## IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS with prejudice** Defendant's motion to dismiss the complaint. (ECF No. 4.)

The Court **DISMISSES** the action. <u>The Clerk of Court shall enter a judgment of dismissal and close the file.</u>

**IT IS SO ORDERED.**

**DATED: April 13, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

25cv3194